IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY TENER and FELICIA TREMBATH ) | |
| on behalf of themselves and ) | 1:13-cv-1010 |
| Others similarly situated, ) | Demand for Jury Trial |
|    Plaintiffs, ) | |
| v. ) | |
| ) | |
| FRANCISCAN ALLIANCE, INC., and ) | |
| VISION FINANCIAL SERVICES, INC., ) | |
|    Defendants. ) | |

## CLASS ACTION COMPLAINT AND REQUEST FOR JURY TRIAL

1.  Plaintiffs Kathy Tener and Felicia Trembath, on behalf of themselves and others similarly situated, bring this action against Defendants, Franciscan Alliance, Inc. (hereinafter "Franciscan") and Vision Financial Services, Inc. (hereinafter "Vision")(collectively "Defendants"), to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.  Vision is a debt collection agency; Franciscan is a hospital. Franciscan called both plaintiffs using an automatic telephone dialing system and prerecorded voice, directly, in order to collect alleged debts. Further, Franciscan hired Vision to call Plaintiff Tener in order to attempt to collect alleged debts, and in order to persuade Tener to purchase insurance and/or sign up for Medicaid.

3.  Defendants did not have Plaintiffs' prior express consent to make the calls that are the subject of this lawsuit.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this action arises under the laws of the United States.

5. Venue is proper because a substantial portion of the events that give rise to this action occurred in this District.

**PARTIES**

6. Defendant Franciscan is a hospital located in Indiana, and organized under the laws of the State of Indiana.

7. Defendant Vision is located in Indiana and is organized under the laws of the State of Indiana.

8. Plaintiff Tener is an individual that resides in Marion County, Indiana.

9. Plaintiff Trembath is an individual that resides in Tippecanoe County, Indiana.

10. **Telephone Consumer Protection Act – General Overview**

11. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipments, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing and interpreting the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded

telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that many wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

16. In and around August and September of 2012, Plaintiff Tener received at least 10 calls from caller ID number 866-575-7763.

17. 866-575-7763 is defendant Vision's phone number.

18. Most or all of these calls were made using an "automatic telephone dialing system" as that phrase is used in the TCPA. For some of its above calls, Vision also played an artificial or prerecorded voice message.

19. Vision's calls were made on behalf of, and with the authorization of, Franciscan.

20. The calls to Tener's cellular phone were made without her express prior consent.

21. Tener made verbal request(s) to Vision for all calls to her cellular phone to cease. However, Vision disregarded her unequivocal demand to cease contact and continued placing calls to her cellular phone.

22. Franciscan called Plaintiff Trembath's cellular telephone several times within the four years immediately preceding the filing of this complaint.

23. Franciscan used an automatic telephone dialing system to place said these calls

24. For some or all of the calls, Franciscan played an artificial or prerecorded voice message, too.

25. These calls to Trembath's cellular phone were made without her express prior consent.

26. Mrs. Trembath sent two letters, one in December 2012 and another in February 2013, requesting that Franciscan cease all phone calls. Exhibits A, B. Mrs. Trembath also made several unequivocal demands to the Defendant for all calls to cease to her cellular phone on several different occasions.

27. Franciscan kept calling in spite of Trembath's requests that calls stop.

28. Indeed, Franciscan called Trembath's cell phone on at least the following dates: December 26, 2012; December 28, 2012; January 10, 2013; January 23, 2013; January 29, 2013; February 7, 2013; February 13, 2013; February 18, 2013; February 20, 2013; February 26, 2013; and February 27, 2013.

29. Franciscan left automated, prerecorded, voice mail messages for Trembath during at least four of these calls: January 29, 2013; February 18, 2013; February 20, 2013; and February 26, 2013.

## COUNT I – Telephone Consumer Protection Act

30. Plaintiff incorporates all previous paragraphs.

31. It is a violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) to call a person's cellular telephone using an automatic telephone dialing system. It is also a violation of that paragraph to use any artificial or prerecorded voice during calls to cellular telephones.

32. Defendants violated the TCPA by calling Tener and Trembath using an automatic telephone dialing system, and using an artificial or prerecorded voice.

33. Plaintiffs and the class have been damaged by the illegal calls that are the subject of this lawsuit. Their privacy has been invaded and they were forced to tend to unwanted calls.

34. The Defendants' calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

35. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of a class. The class is defined as:

> All persons within the United States who received a non-emergency telephone call to their cellular phone from, or on behalf of, either Defendant through a device that has the capacity to dial numbers without human intervention and/or using an artificial or prerecorded voice, where the caller did not have permission to make such call and where any such calls happened on or after a date four years prior to the filing of this action.

36. Plaintiffs are members of the class.

37. The class is so numerous that joinder is impracticable. Upon information and belief, based upon industry practices, each called more than 100 cell phone numbers during 2012, where Defendant did not have prior express consent of the recipient.

38. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class. Such questions common to the Class include, but are not limited to:

    a. Whether Defendants made non-emergency calls to Plaintiffs' and Class Members' cellular phones using an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders or using an artificial or pre-recorded voice; and

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Franciscan should be enjoined from engaging in such conduct in the future.

39. As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical to each Class member. Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal theories.

40. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and have retained counsel competent and experienced in class and complex litigation.

41. Defendants have engaged in a common course of conduct toward Plaintiffs and members of the Class by subjecting them to unlawful telephone calls in violation of the TCPA.

The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.

42. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

43. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

44. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

45. The identity of the class is likely readily identifiable from Defendants' records, or through the records of vendors hired by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of themselves and the class and against Defendants that provides the following relief:

a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

  b. A permanent injunction prohibiting Defendants from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

  c. A declaration that Defendants, and each of them, used an automatic telephone dialing system and artificial or prerecorded voice, and thereby violated the TCPA in calling plaintiff and the class; and

  d. Any other relief the Court finds just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs Tener and Trembath, by and through the undersigned counsel, request a trial by jury on all issues deemed triable under this Complaint.

Respectfully submitted,

_6/24/2013_
DATE

_[signature]_
Syed Ali Saeed (#28759-49)
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
Phone: 317-614-5741
Fax: 888-422-3151
ali@sllawfirm.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Syed Ali Saeed

Syed Ali Saeed
SAEED & LITTLE, LLP
1433 N. Meridian Street
Indianapolis, IN 46202
(317)614-5741
(888)422-3151 (fax)
Ali@SLLawfirm.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been duly served upon all persons listed below, by United States mail, first-class postage prepaid, on the 24th day of June 2013. A copy of this document has also been sent to the persons listed below by fax.

SUSAN AARON
*Registered Agent for Vision Financial Services, Inc.*
*1900 W SEVERS RD*
*LA PORTE , IN 46350*

KEVIN D. LEAHY
*Registered Agent for Franciscan Alliance, Inc.*
*1515 Dragoon Trail*
*MISHAWAKA , IN 46544*

_____
Syed Ali Saeed

SAEED & LITTLE, LLP
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
Telephone: (317) 721-9214

**EXHIBIT A**

MiraMed Revenue Group, LLC
991 Oak Creek Dr.
Lombard, IL 60148-6408


Felicia Trembath
711 Hummingbird Ct.
Lafayette, IN 47909


Re: Lincoln Trembath act #0311159018


Dear Sir or Madam,                                                                                           December 3, 2012


I am writing in reference to a letter sent to me regarding an alleged balance that Lincoln Trembath has. Lincoln has both private insurance through United Healthcare and Medicaid, any balance that is not paid by his private insurance should be picked up by Medicaid. Since we have both private insurance and Medicaid as secondary, we should not have any remaining patient balance. I do not know if this claim has been billed improperly, or what the situation is, regardless, I am enclosing a copy of his insurance cards for your review.


If you have any questions about this matter, you can reach me at the above address. Please note that I will only accept mailed communication regarding this alleged debt. Since this claim is in dispute, it may not be listed on my credit report with any of the 3 credit agencies. If I do not hear from you further, I will consider this matter closed.


Sincerely,



Felicia Trembath

St. Elizabeth Health
P.O. Box 660440
Indianapolis, IN 46266


Felicia Trembath
711 Hummingbird Ct.
Lafayette, IN 47909


Re: Lincoln Trembath patient #9312123359


Dear Sir or Madam,                                                                                   February 13, 2013

I am writing in reference to a bill sent to me by Franciscan St. Elizabeth Health regarding an alleged balance that Lincoln has. The bill indicates that insurance has paid $5,233.00 & that there is a remaining balance of $3,084.52. Lincoln has both private insurance through United Healthcare and Medicaid, so any balance that is not paid by his private insurance should be picked up by Medicaid. Since we have both private insurance and Medicaid as secondary, we should not have any remaining patient balance. I have been billed repeatedly by St. Elizabeth Regional Health for claims that should have been covered by one or both of his insurance companies. I have repeatedly informed St. Elizabeth Regional Health of Lincoln's insurance status, and provided his insurance cards for them. I am again enclosing a copy of both of his insurance cards with this letter. I have not had this problem with other doctors, or with IU Arnett Health. I am extremely frustrated with these experiences, and will avoid using St. Elizabeth Regional Health services in the future.

I do not know if these claims were not submitted properly or if St. Elizabeth Regional Health received payment that was for less than the full amount, and is seeking to recover from me. However, according to Medicaid regulation 42 CFR §447.15, the providers agree to accept Medicaid payments as payments in full. It is in violation of this regulation to try to collect the remaining balance from the patient.

I have received numerous automated phone calls from your company, which I never consented to. I am hereby informing you that I do not authorize your agency to place automated phone calls to me. I also do not want to be contacted any more about these bills, since they should be covered by United Healthcare or Medicaid. I would also like to inform you that if you send this, or any other debt that you claim is owed for Lincoln to a collection agency or list it on my credit report with any of the three agencies, I will report your organization for violations of the Fair Credit Debt Collections Act.


Sincerely,



Felicia Trembath