**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| FELICIA TREMBATH, on behalf of herself and Others similarly situated, | |
| Plaintiff, | |
| v. | |
| FRANCISCAN ALLIANCE, INC., MIRAMED REVENUE GROUP, LLC COLLECTION SYSTEMS, INC | Case No. 1:13-cv-1010-TWP-TAB |
| Defendant. | |

## <u>AMENDED CLASS ACTION COMPLAINT AND REQUEST FOR JURY TRIAL</u>

Plaintiff, Felicia Trembath (hereinafter "Mr. Trembath" or "Plaintiff"), on behalf of herself and others similarly situated, bring this action against Defendants, Franciscan Alliance, Inc. (hereinafter "Franciscan") and Miramed Revenue Group, LLC (hereinafter "Miramed"), and Collection Systems, Inc. (hereinafter "CSI") (collectively "Defendants", to secure redress for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227 ("TCPA").

1. Miramed and CSI are debt collection agencies—Franciscan is a hospital. Miramed and CSI called the Plaintiff, on behalf of Franciscan, using an automatic telephone dialing system and prerecorded voice in order to collect alleged debts.

2. Defendants did not have Plaintiff's prior express consent to make the calls that are the subject of this lawsuit.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this action arises under the laws of the United States.

4. Venue is proper because a substantial portion of the events that give rise to this action occurred in this District.

## PARTIES

5. Defendant Franciscan is a hospital located in Indiana, and organized under the laws of the State of Indiana.

6. Defendant Miramed is a debt collection agency that specializes in representing hospitals and physicians groups in the collection of accounts they believe to be delinquent.

7. Defendant CSI is also a debt collection agency that collects debts on behalf several creditors and service providers including Franciscan.

8. Plaintiff Trembath is an individual that resides in Tippecanoe County, Indiana.

## TELEPHONE PROTECTION ACT – GENERAL OVERVIEW

9. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment's, or "auto-dialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing and interpreting the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that many wireless customers are charged for incoming calls whether they pay in advance or after

the minutes are used.

12. "Automatic telephone dialing system" means any equipment that has the *"capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011WL 3609012 (N.D.III. Aug. 16,2011)(emphasis original).

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

14. Defendants called Plaintiff Trembath's cellular telephone several times within the four years immediately preceding the filing of this complaint.

15. Defendants used an automatic telephone dialing system to place these calls

16. For some or all of the calls, Defendants played an artificial or prerecorded voice message, too.

17. These calls to Trembath's cellular phone were made without her express prior consent.

18. Miramed on behalf of Franciscan made several automated calls to Mrs. Trembath's cellular telephone in an attempt to collect a debt including but not limited to calls made on: 10/17/2012; 11/23/2012; 11/30/2012; 12/7/2012; 12/12/2012; 12/21/2012; 1/4/2013; 1/11/2013; 1/12/2013; 1/18/2013; 1/24/2013; 1/25/2013; 2/4/2013; and 2/24/2013.

19. CSI on behalf of Franciscan made several automated calls to Mrs. Trembath's cellular

telephone in an attempt to collect a debt including but not limited to calls made on: 10/11/2011; 10/24/2012; 10/30/2012; 11/10/2012; 11/14/2012; 12/26/2012; 12/28/2012; 1/10/2013; 1/23/2013; 2/7/2013; 2/13/2013; 2/13/2013; 2/14/2014; 2/18/2013; and 2/20/2013.

20. Defendants also left several pre-recorded voice message on Mrs. Trembath's cellular phone including but not limited message left on: 1/29/2013; 2/4/2013; 2/13/2013; 2/18/2013; 2/20/2013; 2/26/2013.

21. For some or all of the calls, Miramed and CSI played an artificial or prerecorded voice message. Plaintiff requested the Defendants verbally as well as in at least two separate writings in December 2012 and February 2013 that they did not have her consent to autodial her cellphone number. Despite receiving these writings Defendants continued to autodial Plaintiff.

22. Defendants kept calling in spite of Trembath's requests that calls stop.

23. Some of the phone calls placed by Miramed and CSI on behalf of Franciscan were attempts to collect a debt on an account associated with account number ending in 018 (hereinafter "Account Number 018"). Account Number 018 was related to a debt incurred consequent to laboratory services rendered by a Franciscan owned and operated laboratory (hereinafter "Laboratory"). Mr. Trembath never provided her cellular phone number to the Laboratory or Franciscan for Account Number 018.

24. Upon information and belief, it was Franciscan's policy and/or practice not to obtain telephone numbers from debtors for certain types of hospital services, such as laboratory tests.

25. Instead of obtaining the phone number from the debtor, Franciscan merely obtained the phone number from its computer system.

26. However, there is no "existing business relationship" exception to TCPA liability that might be applicable to this case. Hospitals that wish to use auto-dialers to make collection calls must obtain prior express consent for each separate debt for which they make calls.

27. Upon information and belief, Franciscan's vendors Miramed and CMI each called more than 1,000 telephone numbers since 2011, which were obtained from Franciscan's computer system, rather than from the patient/debtor as to that particular debt. *Nigro v. Mercantile Adjustment Bureau, LLC*, 769 F.3d 804, 806-07 (2d Cir. 2014).

## COUNT I – TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates all previous paragraphs.

29. It is a violation of the TCPA, 47 U.S.C. §227(b){1}{A}(iii) to call a person's cellular telephone using an automatic telephone dialing system. It is also a violation of that paragraph to use any artificial or prerecorded voice during calls to cellular telephones.

30. Defendants violated the TCPA by calling Ms. Trembath using an automatic telephone dialing system, and using an artificial or prerecorded voice.

31. Plaintiff and the class have been damaged by the illegal calls that are the subject of this lawsuit. Their privacy has been invaded and they were forced to tend to unwanted calls.

32. The Defendants' calls were negligent, or alternatively, they were willful. 47 u.s.c. §312(f)(1).

## CLASS ALEGATIONS

33. Pursuant to Fed. R.Civ. P. 23, Plaintiff brings this action individually and on behalf of a class. The **class** is defined as:

> "All persons within the United States who received a non-emergency telephone call to their cellular phone from, or on behalf of Franciscan by either Franciscan, Miramed, or CSI through a device that has the capacity to

dial numbers without human intervention and/or using an artificial or prerecorded voice, where the phone number was not obtained from the debtor with respect to the particular debt and where any such calls happened on or after a date four years prior to the filing of this action."

34. Plaintiff is a member of the class.

35. The class is so numerous that joinder is impracticable. Upon information and belief, based upon industry practices, each Defendant called more than 100 cell phone numbers during 2012 and every year thereafter, where Defendants did not have prior express consent of the called party.

36. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class. Such questions common to the Class include, but are not limited to:

   a. Whether Defendants made non-emergency calls to the Plaintiff and Class Members' cellular phones using an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders or using an artificial or pre-recorded voice; and

   b. Whether Defendants' conduct was knowing and/or willful;

   c. Whether Defendants should be enjoined from engaging in such conduct in the future.

37. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical to each Class member. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal theories.

38. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

39. Defendants have engaged in a common course of conduct toward the Plaintiff and members of the Class by subjecting them to unlawful telephone calls in violation of the TCPA. The common issues arising from this conduct that affect the Plaintiff and members of the Class predominate over any individual issues.

40. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

41. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

42. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

43. The identity of the class is likely readily identifiable from Defendants' records.

**PRAYER FOR RELIEF**

44. WHEREFORE, Plaintiff request that the Court enter judgment in favor of the Plaintiff and the class and against Defendants that provides the following relief:

    a.  Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

    b.  A permanent injunction prohibiting Defendants from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

    c.  A declaration that Defendants, and each of them, used an automatic telephone dialing system and artificial or prerecorded voice, and thereby violated the TCPA in calling Plaintiff and the class; and

    d.  Any other relief the Court finds just and proper.

## DEMAND FOR TRIAL BY JURY

45. Plaintiff, Ms. Trembath, by and through the undersigned counsel, request a trial by jury on all issues deemed triable under this Complaint.

/s/ Syed Ali Saeed
Syed Ali Saeed (#28759-49)
SAEED & LITTLE, LLP
1433 N. Meridian Street (Ste 202)
Indianapolis, Indiana 46202
Telephone: (317) 614-5741
Facsimile: 1-888-422-3151
Email: ali@sllawfirm.com